**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR HUGO MARTINEZ-JARAMILLO,<br><br>                Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                Respondent. | No. 11-70751<br><br>Agency No. A030-700-636<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Victor Hugo Martinez-Jaramillo, a native and citizen of Ecuador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's removal order. Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

In his opening brief, Martinez-Jaramillo fails to address, and therefore has waived any challenge to, the BIA's determination that he is statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229b(c)(6), and for adjustment of status under 8 U.S.C. § 1255(a)(3). *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues which are not specifically raised and argued in a party's opening brief are waived).

We need not consider Martinez-Jaramillo's claim that his convictions for burglary and petty theft are not crimes involving moral turpitude because he failed to raise this issue before this court in his prior petition for review. *See Christian Legal Soc. Chapter of University of California v. Wu*, 626 F.3d 483, 488 (9th Cir. 2010) (petitioner who fails to raise an issue in previous petition for review is not entitled to "a second bite at the appellate apple").

Martinez-Jamarillo's contention that the agency violated due process by failing to consider his proof of rehabilitation is rejected.

We lack jurisdiction to review the agency's determination that Martinez-Jamarillo did not merit voluntary departure as a matter of discretion. *See* 8 U.S.C. § 1229c(f) ("No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**